IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01905-KLM

CHAPTER 1, THE RETIRED ENLISTED ASSOCIATION, INC., a Colorado non-profit corporation,

      Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Amended Motion to Amend Civil Scheduling Order Pursuant to Fed.R.Civ.P. 16(b)(4)** [#31][1] ("Plaintiff's Motion") and **Defendant's Motion to Amend Scheduling Order to Extend Discovery Cutoff for Sole Purpose of Completing Certain Depositions on April 30th and May 1st** [#35] ("Defendant's Motion" and, collectively with Plaintiff's Motion, the "Motions"). Defendant filed a Response [#33] to Plaintiff's Motion and Plaintiff filed a Reply [#34] in further support of its Motion. Defendant states that the extension requested in Defendant's Motion is "to accommodate the schedule of Plaintiff's counsel, and so Defendant believes Plaintiff will not oppose the relief requested, but has not been able to formally confirm that with Plaintiff." *Defendant's Motion* [#35] at 1. The Court has reviewed the Motions, the

_____

[1] "[#31]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, Plaintiff's Motion [#31] is **DENIED** and Defendant's Motion [#35] is **DENIED without prejudice**[2].

## I.  Background

In this insurance action, Plaintiff alleges that Defendant breached an insurance contract and delayed and unreasonably denied payment of benefits owed to Plaintiff under its insurance policy.  *Compl.* [#4] at 2, ¶¶ 3, 37-63.  On September 10, 2014, the Court entered a Civil Scheduling Order [#21] (the "Scheduling Order") governing this case.  The Scheduling Order deadlines include, among other deadlines, a discovery cut-off of March 31, 2015; an affirmative expert disclosure deadline of February 15, 2015; and a rebuttal expert disclosure deadline of March 13, 2015.  *Sched. Order* [#21] § 9(b) and (d)(3)-(4).

## A.    Plaintiff's Motion

In Plaintiff's Motion, Plaintiff requests a nineteen-day extension of the affirmative expert disclosure deadline and the rebuttal expert disclosure deadline.  *Plaintiff's Motion* [#31] at 2.  In support of the requested relief, Plaintiff states that it "has retained experts for this matter and these individuals are working to complete their reports."  *Id.*  Plaintiff explains that the retained experts have requested additional time to complete their reports. *Id.*  Plaintiff argues that it "was diligent and timely in its retention of experts" and that the expert reports "will be provided to the defense as soon as possible . . . ."  *Id.*  Plaintiff maintains that it requests extension of the deadlines for both parties and that such an extension would not cause any undue delay or prejudice."  *Id.*

---

[2]  The Court may rule on a pending motion at any time.  D.C.COLO.LCivR 7.1(d).

In the Response, Defendant argues that it will be prejudiced because it timely disclosed its affirmative experts and Plaintiff's affirmative experts would then have an opportunity to review those expert reports before finalizing their own reports.  *Response* [#33] at 1-2.  Defendant further argues that Plaintiff has not shown good cause for the requested extension because it simply offers the "unsupported statements of counsel as evidence [which] . . . merely indicate that Plaintiff's experts . . . 'would like additional time to complete their work.'"  *Id.* at 2 (quoting *Plaintiff's Motion* [#31] at 2).  As a result, Defendant argues that Plaintiff "should endorse 'rebuttal' experts and not be permitted to serve untimely 'affirmative' expert disclosures."  *Id.* at 2.  In the alternative, Defendant states that if Plaintiff's motion is granted, it "requests that it be permitted the full four (4) weeks initially contemplated by the Scheduling Order to serve any rebuttal expert disclosures."  *Id.* At 3-4.

In the Reply, Plaintiff argues that Defendant will not be prejudiced if Plaintiff's Motion is granted because pursuant to Fed. R. Civ. P. 26(a)(2)(E), any expert can supplement his or her expert report as additional information becomes available.  *Reply* [#34] at 1-2.  Plaintiff also attaches email correspondence between the parties' counsel to support its position that because it requested extension of the expert disclosure deadlines prior to Defendant serving its expert reports, the "alleged prejudice suffered by Defendant's providing of the expert report is entirely self-made."  *Reply* [#34] at 2; Reply, Ex. A [#34-1] at 1.

## B.   Defendant's Motion

As an initial matter, Defendant's Motion does not comply with D.C.COLO.LCivR 7.1(a), which provides as follows:

3

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

In its Motion, Defendant explains that

> [c]ounsel for Defendant conferred with counsel for Plaintiff regarding the depositions and dates set forth herein, and attempted to confer regarding the specific relief requested in this motion.  Plaintiff provided and is available for the dates for depositions set forth herein, and the extension of the discovery cutoff is sought to accommodate the schedule of Plaintiff's counsel, and so Defendant believes Plaintiff will not oppose the relief requested, but has not been able to formally confirm that with Plaintiff. Should Defendant be able to confirm that Plaintiff does not oppose the relief requested herein, Defendant will promptly advise the Court.

*Defendant's Motion* [#35] at 1-2.

"[T]o satisfy the requirements of Rule 7.1[(a)], the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate."  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003).  The point of the conferral requirement is to have the parties exchange ideas regarding the requested relief and, hopefully, eliminate through discussion or compromise any issues they can before filing a motion so as to limit the issues brought before the Court.  *See Carroll v. Allstate Fire and Casualty Ins. Co.*, No. 12-cv-00007-WJM-KLM, 2013 WL 5769308, at *4 (D. Colo. Oct. 24, 2013) ("The purpose of Rule 7.1[(a)] is to decrease the number and length of motions filed in each case."). Defendant's Motion is subject to denial for failure to comply with Rule 7.1(a).  While it is logical, as Defendant argues, that Plaintiff would not oppose a motion seeking extension of the discovery cut-off to accommodate deposition dates proposed by Plaintiff, a logical

deduction does not equal conferral.  Accordingly, Defendant's Motion is **denied without prejudice.  Any future filing that does not comply with any applicable rule will be stricken.**

## II.  Standard of Review Applicable to Plaintiff's Motion

Pursuant to Fed. R. Civ. P. 16(b)(4), the Scheduling Order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  To demonstrate good cause pursuant to Fed. R. Civ. P. 16(b)(4), the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation omitted); Minter *v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted); *accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order).  "While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the deadlines set in scheduling orders require that parties conduct discovery efficiently and promptly.  *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that

may be relevant to claim amendment sooner rather than later."). Further, the "'good cause' requirement reflects the important role a scheduling order plays in the court's management of its docket." *Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *6 (D. Colo. April 6, 2010) (citations omitted).

### III. Analysis of Plaintiff's Motion

As Defendant argues, Plaintiff fails to show good cause for the requested extension of the affirmative and rebuttal expert disclosure deadlines.  In support of the requested relief, Plaintiff states that it "has retained experts for this matter and these individuals are working to complete their reports." *Plaintiff's Motion* [#31] at 2.  Plaintiff explains that the retained experts have requested additional time to complete their reports, but offers no information regarding their attempts to meet the affirmative expert disclosure deadline or explanation why the reports could not be completed by the deadline. *Id.* Even after this deficiency was pointed out in the Response, Plaintiff ignored this issue and, instead, simply argued in the Reply that there was no prejudice to Defendant because Defendant was aware that Plaintiff intended to request an extension of the expert disclosure deadlines prior to the date on which Defendant made its affirmative expert disclosures. *Reply* [#34] at 2. Whether Defendant knew that Plaintiff intended to request extension of the expert disclosure deadlines is irrelevant to whether Plaintiff was diligent in attempting to meet the deadlines.  Without any explanation regarding Plaintiff's diligence in attempting to meet the affirmative expert disclosure deadline, the Court cannot find good cause for the requested relief.  Accordingly, Plaintiff's Motion [#31] is **denied**.

## IV.  Conclusion

Accordingly, for the foregoing reasons,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#31] is **DENIED**.

IT IS FURTHER **ORDERED** that Defendant's Motion [#35] is **DENIED without**

**prejudice**.

Dated:  March 30, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

7