IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01905-KLM

CHAPTER 1, THE RETIRED ENLISTED ASSOCIATION, INC., a Colorado non-profit corporation,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,
1

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Extend Deadlines Pursuant to Civil Scheduling Order [Docket No. 21]** [#38][1] (the "Motion"). Defendant filed a Response [#33]. Plaintiff has not filed a reply and its deadline to do so has elapsed. D.C.COLO.LCivR 7.1(d). The Court has reviewed the Motion, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#38] is **STRICKEN**.

## I. Background

**A.    Procedural Background**

In this insurance action, Plaintiff alleges that Defendant breached an insurance

---

[1] "[#38]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

contract and delayed and unreasonably denied payment of benefits owed to Plaintiff under its insurance policy. *Compl.* [#4] at 2, ¶¶ 3, 37-63. On September 10, 2014, the Court entered a Civil Scheduling Order [#21] (the "Scheduling Order") governing this case. The Scheduling Order deadlines include, among other deadlines, a discovery cut-off of March 31, 2015, and a dispositive motion deadline of April 30, 2015. *Sched. Order* [#21] § 9(b) and (c). On March 30, 2015, the Court denied Plaintiff's Amended Motion to Amend Civil Scheduling Order Pursuant to Fed.R.Civ.P. 16(b)(4) [#31], which requested a nineteen-day extension of the affirmative expert disclosure deadline and the rebuttal expert disclosure deadline. *Order* [#36] at 2. In that Order the Court explained the legal standard applicable to requests for amendment of Scheduling Order deadlines. *Id.* at 5-6. The Court concluded that Plaintiff did not show good cause for the requested extensions of the expert disclosure deadlines. *Id.* at 6-7. In that Order the Court also denied without prejudice a motion filed by Defendant that did not comply with D.C.COLO.LCivR 7.1(a). *Id.* at 4-5. The Court warned the parties that "**[a]ny future filing that does not comply with any applicable rule will be stricken.**" *Id.* at 5 (emphasis in original). On April 30, 2015, Defendant filed an amended motion, which the Court granted on May 1, 2015. *Minute Order* [#46] at 1. As a result, the Discovery Cut-Off set in the Scheduling Order was extended to June 3, 2015 "for the sole purpose of allowing the parties to complete" specific depositions. *Id.*

**A.     The Motion**

In Plaintiff's Motion, Plaintiff requests that the Discovery Cut-Off, Dispositive Motion

Deadline, and the Rule 702 Deadline[2] each be extended by two-months.  *Motion* [#38] at 1-2.  In support of the requested relief, Plaintiff states that "[t]he parties are in the midst of discovery and several necessary depositions are being scheduled."  *Id*. at 2.  Plaintiff explains that "[t]hese depositions will take place in April and/or May of 2015 due to counsel for the Plaintiff's trial calendar."  *Id*.  Plaintiff notes that Defendant's amended motion regarding the Discovery Cut-Off was unopposed because "both parties are in agreement that an extension is necessary, however, Defendant only wants an extension to conduct its discovery, thus prejudicing Plaintiff."  *Id*.  The only other statement in support of the requested relief is that Plaintiff's "experts have partially written reports but require information from depositions and despite repeatedly [sic] requests, defense counsel has not provided Plaintiff with available dates."  *Id*.

In the Response, Defendant maintains that Plaintiff's allegation regarding defense counsel's conduct is factually inaccurate.  *Response* [#43] at 2.  Defendant attaches email correspondence [##43-1, 43-2] to support its contention that Plaintiff did not provide the 14-day notice required pursuant to D.C.COLO.LCivR 30.1 for scheduling depositions.  *Id*.  Instead, Defendant states that Plaintiff first contacted Defendant four days before the Discovery Cut-Off regarding dates for depositions.  *Id*.  Regarding the relief requested in the Motion, Defendant argues that "Plaintiff has not attempted to and cannot demonstrate that it could not have completed the discovery sought by the deadline in the Scheduling Order through reasonable diligence," and that, as a result, the Motion should be denied.  *Id*. at 3.  Defendant offers legal support for its argument that Plaintiff has not shown good

---

[2]  Plaintiff states that this deadline is April 30, 2015.  *Motion* [#38] at 1.

cause for extension of the Scheduling Order deadlines. *Id.* at 3-5. Defendant further argues that "Plaintiff's attempt to analogize its request to amend the Scheduling Order to Defendant's request . . . should be rejected." *Id.* at 5. Finally, Defendant notes that the Motion does not comply with D.C.COLO.LCivR 7.1(d) and should be denied as a result. *Id.* at 6.

As noted above, Plaintiff did not file a reply in support of the Motion and its time to do so has elapsed. D.C.COLO.LCivR 7.1(d).

## II. Analysis

The Court previously warned the parties that "**[a]ny future filing that does not comply with any applicable rule will be stricken**." *Order* [#36] at 5 (emphasis in original). However, the Motion does not comply with D.C.COLO.LCivR 7.1(d), which, among other things, states: "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion." The Motion does not reference any applicable rule[3], case, or statute that provides authority for the requested relief. This is particularly troubling because the Court provided the applicable standard to the parties in its March 30, 2015 Order [#36]:

> Pursuant to Fed. R. Civ. P. 16(b)(4), the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To demonstrate good cause pursuant to Fed. R. Civ. P. 16(b)(4), the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation

---

[3] The Court notes that Plaintiff mentions the "Rule 702 Motion deadline," *Motion* [#38] at 1, as one of the deadlines it would like extended. However, this is not a reference to a rule that provides authority for the requested relief.

4

omitted); Minter *v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted); *accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order). "While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the deadlines set in scheduling orders require that parties conduct discovery efficiently and promptly. *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later."). Further, the "'good cause' requirement reflects the important role a scheduling order plays in the court's management of its docket." *Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *6 (D. Colo. April 6, 2010) (citations omitted).

*Minute Order* [#36] at 5-6.

### III. Conclusion

Accordingly, for the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#38] is **STRICKEN**.

Dated: May 7, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge